USDC SCAN INDEX SHEET











BUTLER

STEPHEN H BENEDICT

LMH    12/23/97    9:03

3:97-CV-02274

*1*

*NTCREM.*

DOUGLAS E. GEYMAN (159417)
Law Office of Douglas E. Geyman
750 B Street, Suite 2890
San Diego, California 92101
Telephone:   (619) 232-3533


Attorney for Defendant



FILED

DEC 1 8 1997

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA


TERRY BUTLER,                    ) CASE NO.'97 CV 2274 K   (RBB)
                                 )
              Plaintiff,         ) NOTICE OF REMOVAL
                                 ) (28 USC 1441)
         v.                      )
                                 )
STEPHEN BENEDICT, D.B.A.         )
MICROSTAR,                       )
                                 )
              Defendant          )
_____)

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA; THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO; PLAINTIFF, TERRY BUTLER, AND HIS ATTORNEY OF RECORD:

Defendant, Steven Benedict, through his attorney of record, hereby provides notice of removal of this case from the Superior Court of the State of California, in and for the County of San Diego, to this Court.   This removal is based on the following grounds:

1.   On August 1, 1997, an action was commenced by Plaintiff, Terry Butler, in pro se, against Defendant, Steven Benedict, d.b.a. Micro Star, in the United States District Court for the Southern

-1-

District of California, entitled, "Terry Butler, Plaintiff, v. Steven Benedict, D.B.A. Micro Star, Does 1 to 20 Defendants," bearing United States District Court case number 97CV 1426K, by filing a Complaint for civil rights violation of Title VII in the context of his employment relationship with Defendant.  In the Civil Cover Sheet attached to his Complaint, Plaintiff claims that this action is based on Federal Question jurisdiction.  Defendant requests the Court take judicial notice, pursuant to the Federal Rules of Evidence Rule 201(b)(2), of case number 97CV 1426K.

2.   On August 28, 1997, Defendant was served with the above Summons and Complaint by the United States Marshall.  This case remains active at this time.

3.   On November 12, 1997, Plaintiff commenced a civil action, through his retained attorney, Scott McKee, against Defendants Stephen H. Benedict Technologies, Inc., d.b.a. Micro Star Software Co., and Does 1 through 50, inclusive, in the Superior Court of California, in and for the County of San Diego, entitled, "Terry Butler, Plaintiff, v. Stephen H. Benedict Technologies, Inc., d.b.a. Micro Star Software Co., and Does 1 through 50, Inclusive," and bearing Superior Court case number 715662, by filing a Complaint for Damages for Employment Discrimination, alleging violation of California's Fair Employment and Housing Act in the context of his employment relationship with Defendant.  A copy of the Summons and Complaint from Superior Court case number 715662 is attached as Exhibit 1 and incorporated by reference.

4.   On November 18, 1997, Defendant was served with the above referenced Superior Court Summons and Complaint by personal service on Simon J. Freedman of the Law Office of Peters and Freedman, as

-2-

attorneys for Micro Star.  A copy of the confirmation of personal service letter from Mr. Freedman, dated November 19, 1997, is attached as Exhibit 2 and incorporated by reference.  Defendant has not appeared nor responded in any way to this Superior Court case.

5.    On November 29, 1997, Plaintiff served Set One of the Judicial Council Form Interrogatories and Set One of Plaintiff's Demand for Inspection of Documents on Defendant's attorney, Douglas Geyman.  A copy of Plaintiff's Form Interrogatories is attached as Exhibit 3 and incorporated by reference.  A copy of Plaintiff's Inspection Demand is attached as Exhibit 4 and incorporated by reference.

6.    Both the federal and state suits share a common nucleus of operative facts, based on an alleged incident of racial discrimination which purportedly occurred on March 7, 1997, at Plaintiff's place of employment, Micro Star.  The only material difference between the two suits is the reliance on federal law in the federal suit and state law in the state suit.  Through artful pleading, Plaintiff has attempted to split his causes of action into two nearly identical suits.

7.    By reason of the foregoing, the above described action is a civil action which may be removed to this Court by Defendant pursuant to the provisions of 28 United States Code section 1441(a)-(b) because it is an action arising under the laws of the United States over which this District Court has original jurisdiction.

8.    On the date specified below, a copy of this notice is being served on Plaintiff, as a pro se litigant, and on his attorney of record, and a copy of this notice is being filed with the clerk

of the Superior Court of the State of California, County of San Diego.

Dated:   December 16, 1997

Douglas E. Geyman
Attorney for Defendant

NOTICE TO DEFENDANT:    (Aviso a Acusado)

Steven H. Benedict Technologies, Inc., d.b.a. Micro Star Software

YOU ARE BEING SUED BY PLAINTIFF:
(A Ud. le está demandando)
Terry Butler

| You have 30 CALENDAR DAYS after this summons is served on you to file a typewritten response at this court. | Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte. |
|---|---|
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso. |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte. |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico). |

CASE NUMBER (Número del Caso)
**7:15662**

The name and address of the court is: (El nombre y dirección de la corte es:)

330 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Scott Cummings McKee
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)

Attorney at Law
600 B Street, Suite 2150
San Diego, California 92101

KENNETH E. MARTONE
Clerk of the Superior Court
San Diego County, CA

Bar No. 154077
Phone No. (619) 231-6686

DATE: **NOV 12 1997**
(Fecha)

Clerk, by **SANDRA MARLETT**    Deputy
(Actuario)    (Delegado)

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [X] on behalf of (specify): defendant
   under:  [X] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (individual)
           [ ] other:
4. [X] by personal delivery on (date): 11-18-97

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]
Judicial Council Forms for MacDocs™

(See reverse for Proof of Service)
**SUMMONS**

CCP 412.20

EX. -1

P. 5

a. [X] summons [X] complaint [ ] amended summons    [ ] amended complaint
completed and blank Case Questionnaires    [ ] Other (specify):

b. on defendant (name):

c. by serving [ ] defendant [ ] other (name and title or relationship to person served):

d. [ ] by delivery [ ] at home [ ] at business
   (1) date:
   (2) time:
   (3) address:

e. [ ] by mailing
   (1) date:
   (2) place:

2. Manner of service (check proper box):

a. [ ] Personal service. By personally delivering copies. (CCP 415.10)

b. [ ] Substituted service on corporation, unincorporated association (including partnership), or public entity. By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(a))

c. [ ] Substituted service on natural person, minor, conservatee, or candidate. By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP 415.20(b)) (Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)

d. [ ] Mail and acknowledgment service. By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP 415.30) (Attach completed acknowledgment of receipt.)

e. [ ] Certified or registered mail service. By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP 415.40) (Attach signed return receipt or other evidence of actual delivery to the person served.)

f. [ ] Other (specify code section):
   [ ] additional page is attached.

3. The "Notice to the Person Served" (on the summons) was completed as follows (CCP 412.30, 415.10, and 474):

a. [X] as an individual defendant.

b. [X] as the person sued under the fictitious name of (specify):

c. [ ] on behalf of (specify):
   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)        [ ] other.
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (individual)

d. [ ] by personal delivery on (date):

4. At the time of service I was at least 18 years of age and not a party to this action.

5. Fee for service: $

6. Person serving:

a. [X] California sheriff, marshal, or constable.
b. [ ] Registered California process server.
c. [ ] Employee or independent contractor of a registered California process server.
d. [ ] Not a registered California process server.
e. [ ] Exempt from registration under Bus. & Prof. Code 22350(b).

f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

(For California sheriff, marshal, or constable use only)
I certify that the foregoing is true and correct.

Date:                                   Date:

▶ _____            ▶ _____
(SIGNATURE)                              (SIGNATURE)

SCOTT CUMMINGS McKEE
Attorney at Law
State Bar No. 154077
Comerica Bank Building
600 B Street, Suite 2150
San Diego, CA 92101-4508
(619) 231-6686

Attorney for Plaintiff TERRY BUTLER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO, SAN DIEGO JUDICIAL DISTRICT

TERRY BUTLER,

      Plaintiff,

vs.

STEPHEN H. BENEDICT TECHNOLOGIES, INC., d.b.a. MICRO STAR SOFTWARE CO., and DOES 1 through 50, Inclusive,

      Defendants.

CASE NO. _ 715662

COMPLAINT FOR DAMAGES-- EMPLOYMENT DISCRIMINATION

(Fair Employment and Housing Act; Gov't Code §§12940, 12941, 12965(b); Civil Code §§3294, 3333, 3422)

Plaintiff alleges:

1.      Defendant STEPHEN H. BENEDICT TECHNOLOGIES, INC. d.b.a. MICRO STAR SOFTWARE CO. ("MICRO STAR") is a corporation organized and existing under the laws of the State of California and is an entity subject to suit under the California Fair Employment and Housing Act, Government Code Section 12900 et seq. ("FEHA"), in that defendant is an employer who regularly employs five or more persons.

2.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible

EX. 1

in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

3. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was the agent and employee of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

4. Venue is proper in this court under Gov't. Code Section 12965(b) because the unlawful employment practices complained of herein occurred in San Diego County.

5. Plaintiff TERRY BUTLER is an adult person and a resident of the County of San Diego, State of California.

6. Plaintiff TERRY BUTLER is a black person, a member of a group protected by statute, specifically Government Code Section 12940(a), against discrimination on the basis of his race.

7. On or about November 11, 1996, Plaintiff was hired by Defendant MICRO STAR in the capacity of telemarketer of computer software. On or about March 7, 1997, defendants, and each of them, terminated Plaintiff's employment.

8. At all times herein mentioned, Plaintiff was qualified for the position of telemarketer of computer software with defendants, and each of them, in that Plaintiff was one of the better telemarketer at MICRO STAR, and earned bonuses in addition to commissions.

9. The fact that Plaintiff is a black person was a substantial factor in the defendant's, and each defendant's, decision to terminate Plaintiff's employment. Defendants, and each of them, intentionally terminated Plaintiff because of Plaintiff's race. The facts on which Plaintiff bases this conclusion include the company sales manager, Frank Creed, telling racially derogatory jokes about an impotent black man who dressed in a suit because, if he was going to be "im-PO-tant," he was going to look "im-PO-tant." Plaintiff often dressed in a suit, and other employees usually did not. Creed also made derogatory comments about observing Martin Luther King's Birthday as a holiday. Creed told Plaintiff, "What's so big about a dead man's birthday? We're here to make sales, and

-2-

EX. 1

P. 2 8

besides that's when most of your people (Blacks) will be home anyway. So if I was you, I'd have my ass in here on the phone, you get my drift? You can eat yo' fried chicken here at work." Plaintiff wrote a complaint about these incidents to Steven Benedict, president of Micro Star, on or about February 3, 1997. Benedict took no corrective action against Creed, and the incidents continued. On or about February 14, 1997, Plaintiff personally spoke to Benedict to complain about the continuing incidents with Creed. Again, nothing was done to prevent future incidents or to reprimand Creed for past incidents.

10. Defendants, and each of them, stated that Plaintiff's termination of employment was due to Plaintiff "embezzling" an amount of $2,994.31 which was, in fact, an accidental over-payment into Plaintiff's direct deposit account at Wells Fargo Bank. This reason is a pretext for discrimination based on the incident on or about March 7, 1997, during which Creed—who was running the company during Benedict's extended absence overseas—began to berate Plaintiff about the issues involving the over-payment into Plaintiff's account and the repayment schedule which Plaintiff had worked out with company payroll personnel, with the approval of Benedict, which Plaintiff was in the process of repaying. Creed met with Plaintiff in Creed's office and accused him of intentionally embezzling the money, even though Bank personnel had already provided documentation that the over-payment was not Plaintiff's fault. Creed used violent, abusive, and insulting language against Plaintiff, referring to him as a "fucking ass hole" and told him "you can't work here until you pay back every fucking dime." Creed also told Plaintiff "You people (Blacks) are all liars and thieves." As Plaintiff was walking out the door of Creed's office on or about March 7, Creed yelled at him, "You fucking nigger." Creed terminated Plaintiff that day.

11. Defendants', and each defendant's, actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment based on Plaintiff's race, in violation of FEHA (Gov't. Code §12940(a)).

12. As a proximate result of the defendants', and each defendant's, discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered lost wages/salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had

-3-

EX. 1

P. 9

not been terminated from his position with Defendant MICRO STAR. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

13.    As a further proximate result of the defendants', and each defendant's, discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such employee-related opportunities as experience in the telemarketing business. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

14.    As a further proximate result of the defendants', and each defendant's, discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body as follows: He was treated for depression and anxiety by a psychologist and was diagnosed as having suffered emotional trauma with the interchange from Creed. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof.

15.    The above-recited actions of defendants, and each of them, in terminating Plaintiff's employment were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights under the FEHA. Specifically, Creed's calling Plaintiff a "fucking nigger," telling racial jokes, and making racially disparaging remarks, constituted despicable and cruel conduct intended to cause injury to Plaintiff with a willful and conscious disregard of Plaintiff's rights within the meaning of Civil Code Section 3294.

16.    On April 8, 1997, and within one year of the date of discrimination herein alleged against Plaintiff by Defendants, and each of them, Plaintiff filed a charge of discrimination with the DFEH. A copy of this charge is attached hereto as Exhibit A, and is incorporated by this reference as though fully set forth herein.

17.    On April 8, 1997, the DFEH issued to Plaintiff a notice of a right to bring a civil action based on the charges alleged in Exhibit A. A copy of this notice of right of action is attached hereto as Exhibit B, and is incorporated by this reference as though fully set forth herein.

-4-

EX. 1

P.    10

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. For back pay, front pay, and other monetary relief in an amount according to proof within the jurisdictional limits of this Court;

2. For general damages according to proof;

3. For punitive damages in an amount appropriate to punish defendants, and each of them, for their wrongful conduct and to set an example for others;

4. For interest at the legal rate on the sum of damages awarded, calculated from November 11, 1996, the date the discrimination first began, to the date of judgment;

5. For reasonable attorney's fees pursuant to Government Code Section 12965(b);

6. For costs of suit herein incurred; and

7. For such other and further relief as the Court may deem proper.

Dated: November 11, 1997

Scott Cummings McKee, Esq.
Attorney for Plaintiff

EX. 1

-5-

P- 11

TOTAL P.01

NOV-19-97 WED 01:21 PM                                                          P.01

# PETERS & FREEDMAN

### ATTORNEYS AT LAW

191 CALLE MAGDALENA, SUITE 220
ENCINITAS, CALIFORNIA 92024

Tel: (760) 436-3441
Fax: (760) 496-3442

SIMON J. FREEDMAN
DAVID M. PETERS

GARY M. LETCHINGER
LAURIE F. MASOTTO
KIERNAN A. PARKER
LAURIE E. POOLE
JEFFREY A. PRATT
SUSAN K. STEWART

PALM DESERT OFFICE
74-075 EL PASEO, SUITE C-4
PALM DESERT, CA 92260
Tel: (760) 773-2626
Fax: (760) 773-0919

November 19, 1997

Via Facsimile: (760) 931-4950

Attn:   Christeen Burnett
Stephen H. Benedict Technologies, Inc.
2345 Camino Vida Roble
Suite 100
Carlsbad, California 92009

Re:   *Stephen H. Benedict Technologies, Inc. adv. Terry Butler*
      Our File No. 6098

Dear Ms. Burnett:

Enclosed please find copies of the following documents:

1.   Summons;

2.   Complaint For Damages-Employment Discrimination; and

3.   Notice of Case Assignment.

I was served with these documents on Tuesday, November 18, 1997. Pursuant to California law, a response is due on or before **December 18, 1997**. I understand another attorney is handling this matter for you and that you will be transmitting these papers to him or her.

Accordingly, we will not file a response on behalf of Stephen H. Benedict Technologies.

EX. 2
P - 12

Attn: Christeen Burnett
Stephen H. Benedict Technologies
November 19, 1997
Page 2

If you need any further assistance, please do not hesitate to
contact the undersigned.

Very truly yours,

PETERS & FREEDMAN

Timothy J. Freedman

TJF:lem

Enclosure(s)

: \wp60\corres\609Rcb.ltr

EX 2
P-13

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)*
Scott Cummings McKee        (Bar # 154077)
Attorney at Law
600 B Street, Suite 2150
San Diego, California 92101
ATTORNEY FOR *(Name)*

TELEPHONE NO.:
(619) 231-6686

NAME OF COURT AND JUDICIAL DISTRICT AND BRANCH COURT, IF ANY:

SAN DIEGO COUNTY SUPERIOR COURT, SAN DIEGO JUDICIAL DISTRICT

SHORT TITLE OF CASE:

BUTLER v. MICRO STAR

| FORM INTERROGATORIES | CASE NUMBER: |
|---|---|
| Asking Party: Butler<br><br>Answering Party: Defendant<br>Set No.: One | 715662 |

## Sec. 1.  Instructions to All Parties

(a) These are general instructions. *For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure section 2030 and the cases construing it.*

(b) These interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or objection.

## Sec. 2.  Instructions to the Asking Party

(a) These interrogatories are designed for optional use in the superior courts only. A separate set of interrogatories, Form Interrogatories—Economic Litigation, which have no subparts, are designed for optional use in municipal and justice courts. However, they also may be used in superior courts. See Code of Civil Procedure section 94.

(b) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c) The interrogatories in section 16.0, Defendant's Contentions—Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(d) Additional interrogatories may be attached.

## Sec. 3.  Instructions to the Answering Party

(a) In superior court actions, an answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure section 2030 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) *Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:*

"I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.

_____        _____
(DATE)                                    (SIGNATURE)

## Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

(b) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(Continued)                                                        Page 1 of 8

Form Approved by the
Judicial Council of California
FI-120 [Rev. July 1, 1987]

**FORM INTERROGATORIES**

CCP 2030, 2033.5

*Judicial Council Forms for HotDocs* ™

EX 3
P. 14

(c) PERSON includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

(d) DOCUMENT means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(e) HEALTH CARE PROVIDER includes any PERSON referred to in Code of Civil Procedure section 667.7(e)(3).

(f) ADDRESS means the street address, including the city, state, and zip code.

### Sec. 5. Interrogatories

The following interrogatories have been approved by the Judicial Council under section 2033.5 of the Code of Civil Procedure:

#### CONTENTS

1.0  Identity of Persons Answering These Interrogatories
2.0  General Background Information — Individual
3.0  General Background Information — Business Entity
4.0  Insurance
5.0  [Reserved]
6.0  Physical, Mental, or Emotional Injuries
7.0  Property Damage
8.0  Loss of Income or Earning Capacity
9.0  Other Damages
10.0  Medical History
11.0  Other Claims and Previous Claims
12.0  Investigation — General
13.0  Investigation — Surveillance
14.0  Statutory or Regulatory Violations
15.0  Special or Affirmative Defenses
16.0  Defendant's Contentions — Personal Injury
17.0  Responses to Request for Admissions
18.0  [Reserved]
19.0  [Reserved]
20.0  How The Incident Occurred — Motor Vehicle
25.0  [Reserved]
30.0  [Reserved]
40.0  [Reserved]
50.0  Contract
60.0  [Reserved]
70.0  Unlawful Detainer [See separate form FI-128]
101.0  Economic Litigation [See separate form FI-129]

### 1.0  Identity of Persons Answering These Interrogatories

[X] 1.1  State the name, ADDRESS, telephone number, and relationship to you of each PERSON who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

### 2.0  General Background Information — Individual

☐ 2.1  State:
(a)  your name;
(b)  every name you have used in the past;
(c)  the dates you used each name.

☐ 2.2  State the date and place of your birth.

☐ 2.3  At the time of the INCIDENT, did you have a driver's license? If so, state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance;
(d)  all restrictions.

☐ 2.4  At the time of the INCIDENT, did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance;
(d)  all restrictions.

☐ 2.5  State:
(a)  your present residence ADDRESS;
(b)  your residence ADDRESSES for the last five years;
(c)  the dates you lived at each ADDRESS.

☐ 2.6  State:
(a)  the name, ADDRESS, and telephone number of your present employer or place of self-employment;
(b)  the name, ADDRESS, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the INCIDENT until today.

☐ 2.7  State:
(a)  the name and ADDRESS of each school or other academic or vocational institution you have attended beginning with high school;
(b)  the dates you attended;
(c)  the highest grade level you have completed;
(d)  the degrees received.

☐ 2.8  Have you ever been convicted of a felony? If so, for each conviction state:
(a)  the city and state where you were convicted;
(b)  the date of conviction;
(c)  the offense;
(d)  the court and case number.

☐ 2.9  Can you speak English with ease? If not, what language and dialect do you normally use?

☐ 2.10  Can you read and write English with ease? If not, what language and dialect do you normally use?

☐ 2.11  At the time of the INCIDENT were you acting as an agent or employee for any PERSON? If so, state:
(a)  the name, ADDRESS, and telephone number of that PERSON;
(b)  a description of your duties.

☐ 2.12  At the time of the INCIDENT did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the INCIDENT? If so, for each person state:
(a)  the name, ADDRESS, and telephone number;

EX 3
P - 15

*Judicial Council Forms for HotDocs* ™

(b)  the nature of the disability or condition;

(c)  the manner in which the disability or condition con-
tributed to the occurrence of the INCIDENT.

☐ 2.13  Within 24 hours before the INCIDENT did you or any person involved in the INCIDENT use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:

(a)  the name, ADDRESS, and telephone number;

(b)  the nature or description of each substance;

(c)  the quantity of each substance used or taken;

(d)  the date and time of day when each substance was used or taken;

(e)  the ADDRESS where each substance was used or taken;

(f)  the name, ADDRESS, and telephone number of each person who was present when each substance was used or taken;

(g)  the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER that prescribed or furnished the substance and the condition for which it was prescribed or furnished.

## 3.0  General Background Information — Business Entity

☒ 3.1  Are you a corporation? If so, state:

(a)  the name stated in the current articles of incorporation;

(b)  all other names used by the corporation during the past ten years and the dates each was used;

(c)  the date and place of incorporation;

(d)  the ADDRESS of the principal place of business;

(e)  whether you are qualified to do business in California.

☒ 3.2  Are you a partnership? If so, state:

(a)  the current partnership name;

(b)  all other names used by the partnership during the past ten years and the dates each was used;

(c)  whether you are a limited partnership and, if so, under the laws of what jurisdiction;

(d)  the name and ADDRESS of each general partner;

(e)  the ADDRESS of the principal place of business.

☒ 3.3  Are you a joint venture? If so, state:

(a)  the current joint venture name;

(b)  all other names used by the joint venture during the past ten years and the dates each was used;

(c)  the name and ADDRESS of each joint venturer;

(d)  the ADDRESS of the principal place of business.

☒ 3.4  Are you an unincorporated association? If so, state:

(a)  the current unincorporated association name;

(b)  all other names used by the unincorporated association during the past ten years and the dates each was used;

(c)  the ADDRESS of the principal place of business.

☒ 3.5  Have you done business under a fictitious name during the past ten years? If so, for each fictitious name state:

(a)  the name;

(b)  the dates each was used;

(c)  the state and county of each fictitious name filing;

(d)  the ADDRESS of the principal place of business.

☒ 3.6  Within the past five years has any public entity registered or licensed your businesses? If so, for each license or registration:

(a)  identify the license or registration;

(b)  state the name of the public entity;

(c)  state the dates of issuance and expiration.

## 4.0  Insurance

☒ 4.1  At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the INCIDENT? If so, for each policy state:

(a)  the kind of coverage;

(b)  the name and ADDRESS of the insurance company;

(c)  the name, ADDRESS, and telephone number of each named insured;

(d)  the policy number;

(e)  the limits of coverage for each type of coverage contained in the policy;

(f)  whether any reservation of rights or controversy of coverage dispute exists between you and the insurance company;

(g)  the name, ADDRESS, and telephone number of the custodian of the policy.

☒ 4.2  Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the INCIDENT? If so, specify the statute.

## 5.0  [Reserved]

## 6.0  Physical, Mental, or Emotional Injuries

☐ 6.1  Do you attribute any physical, mental, or emotional injuries to the INCIDENT? If your answer is "no," do not answer interrogatories 6.2 through 6.7.

☐ 6.2  Identify each injury you attribute to the INCIDENT and the area of your body affected.

☐ 6.3  Do you still have any complaints that you attribute to the INCIDENT? If so, for each complaint state:

(a)  a description;

(b)  whether the complaint is subsiding, remaining the same, or becoming worse;

(c)  the frequency and duration.

☐ 6.4  Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure, § 2034) or treatment from a HEALTH CARE PROVIDER for any injury you attribute to the INCIDENT? If so, for each HEALTH CARE PROVIDER state:

(a)  the name, ADDRESS, and telephone number;

(b)  the type of consultation, examination, or treatment provided;

EK 3
P -16

*Judicial Council Forms for HotDocs* ™

(c) the dates you received consultation, examination, or treatment;

(d) the charges to date.

6.5 Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the INCIDENT? If so, for each medication state:

(a) the name;

(b) the PERSON who prescribed or furnished it;

(c) the date prescribed or furnished;

(d) the dates you began and stopped taking it;

(e) the cost to date.

6.6 Are there any other medical services not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:

(a) the nature;

(b) the date;

(c) the cost;

(d) the name, ADDRESS, and telephone number of each provider.

6.7 Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries that you attribute to the INCIDENT? If so, for each injury state:

(a) the name and ADDRESS of each HEALTH CARE PROVIDER;

(b) the complaints for which the treatment was advised;

(c) the nature, duration, and estimated cost of the treatment.

## 7.0  Property Damage

7.1 Do you attribute any loss of or damage to a vehicle or other property to the INCIDENT? If so, for each item of property:

(a) describe the property;

(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated;

(d) if the property was sold, state the name, ADDRESS, and telephone number of the seller, the date of sale, and the sale price.

7.2 Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:

(a) the name, ADDRESS, and telephone number of the PERSON who prepared it and the date prepared;

(b) the name, ADDRESS, and telephone number of each PERSON who has a copy;

(c) the amount of damage stated.

7.3 Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:

(a) the date repaired;

(b) a description of the repair;

(c) the repair cost;

(d) the name, ADDRESS, and telephone number of the PERSON who repaired it;

(e) the name, ADDRESS, and telephone number of the PERSON who paid for the repair.

## 8.0  Loss of Income or Earning Capacity

8.1 Do you attribute any loss of income or earning capacity to the INCIDENT? If your answer is "no," do not answer interrogatories 8.2 through 8.8.

8.2 State:

(a) the nature of your work;

(b) your job title at the time of the INCIDENT;

(c) the date your employment began.

8.3 State the last date before the INCIDENT that you worked for compensation.

8.4 State your monthly income at the time of the INCIDENT and how the amount was calculated.

8.5 State the date you returned to work at each place of employment following the INCIDENT.

8.6 State the dates you did not work and for which you lost income.

8.7 State the total income you have lost to date as a result of the INCIDENT and how the amount was calculated.

8.8 Will you lose income in the future as a result of the INCIDENT? If so, state:

(a) the facts upon which you base this contention;

(b) an estimate of the amount;

(c) an estimate of how long you will be unable to work;

(d) how the claim for future income is calculated.

## 9.0  Other Damages

9.1 Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:

(a) the nature;

(b) the date it occurred;

(c) the amount;

(d) the name, ADDRESS, and telephone number of each PERSON to whom an obligation was incurred.

9.2 Do any DOCUMENTS support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

## 10.0  Medical History

10.1 At any time before the INCIDENT did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT? If so, for each state:

(a) a description;

(b) the dates it began and ended;

(c) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER whom you consulted or who examined or treated you.

FL-120 [Rev. July 1, 1987]                (Continued)                                Page 4 of 8

EX 3
P-12

*Judicial Council Forms for HotDocs* ™

☐ 10.2 List all physical, mental, and emotional disabilities you had immediately before the INCIDENT. (You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)

☐ 10.3 At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages. If so, for each incident state:
(a) the date and the place it occurred;
(b) the name, ADDRESS, and telephone number of any other PERSON involved;
(c) the nature of any injuries you sustained;
(d) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER that you consulted or who examined or treated you;
(e) the nature of the treatment and its duration.

## 11.0 Other Claims and Previous Claims

☐ 11.1 Except for this action, in the last ten years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:
(a) the date, time, and place and location of the INCIDENT (closest street ADDRESS or intersection);
(b) the name, ADDRESS, and telephone number of each PERSON against whom the claim was made or action filed;
(c) the court, names of the parties, and case number of any action filed;
(d) the name, ADDRESS, and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending.

☐ 11.2 In the last ten years have you made a written claim or demand for worker's compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the INCIDENT giving rise to the claim;
(b) the name, ADDRESS, and telephone number of your employer at the time of the injury;
(c) the name, ADDRESS, and telephone number of the worker's compensation insurer and the claim number;
(d) the period of time during which you received worker's compensation benefits;
(e) a description of the injury;
(f) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER that provided services;
(g) the case number at the Worker's Compensation Appeals Board.

## 12.0 Investigation — General

☒ 12.1 State the name, ADDRESS, and telephone number of each individual:
(a) who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT;
(b) who made any statement at the scene of the INCIDENT;
(c) who heard any statements made about the INCIDENT by any individual at the scene;

(d) who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure, § 2034).

☒ 12.2 Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT? If so, for each individual state:
(a) the name, ADDRESS, and telephone number of the individual interviewed;
(b) the date of the interview;
(c) the name, ADDRESS, and telephone number of the PERSON who conducted the interview.

☒ 12.3 Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:
(a) the name, ADDRESS, and telephone number of the individual from whom the statement was obtained;
(b) the name, ADDRESS, and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained;
(d) the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

☒ 12.4 Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any photographs, films, or videotapes depicting any place, object, or individual concerning the INCIDENT or plaintiff's injuries? If so, state:
(a) the number of photographs or feet of film or videotape;
(b) the places, objects, or persons photographed, filmed, or videotaped;
(c) the date the photographs, films, or videotapes were taken;
(d) the name, ADDRESS, and telephone number of the individual taking the photographs, films, or videotapes;
(e) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy.

☒ 12.5 Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure, § 2034) concerning the INCIDENT? If so, for each item state:
(a) the type (i.e., diagram, reproduction, or model);
(b) the subject matter;
(c) the name, ADDRESS, and telephone number of each PERSON who has it.

☒ 12.6 Was a report made by any PERSON concerning the INCIDENT? If so, state:
(a) the name, title, identification number, and employer of the PERSON who made the report;
(b) the date and type of report made;
(c) the name, ADDRESS, and telephone number of the PERSON for whom the report was made.

☒ 12.7 Have YOU OR ANYONE ACTING ON YOUR BEHALF inspected the scene of the INCIDENT? If so, for each inspection state:

EX 3
P-18



(a) the name, ADDRESS, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure, § 2034);

(b) the date of the inspection.

## 13.0  Investigation — Surveillance

[X] 13.1 Have YOU OR ANYONE ACTING ON YOUR BEHALF conducted surveillance of any individual involved in the INCIDENT or any party to this action? If so, for each surveillance state:

(a) the name, ADDRESS, and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, ADDRESS, and telephone number of the individual who conducted the surveillance.

[X] 13.2 Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, ADDRESS, and telephone number of the individual who prepared the report;

(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy.

## 14.0  Statutory or Regulatory Violations

[X] 14.1 Do YOU OR ANYONE ACTING ON YOUR BEHALF contend that any PERSON involved in the INCIDENT violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the INCIDENT? If so, identify each PERSON and the statute, ordinance, or regulation.

[X] 14.2 Was any PERSON cited or charged with a violation of any statute, ordinance, or regulation as a result of this INCIDENT? If so, for each PERSON state:

(a) the name, ADDRESS, and telephone number of the PERSON;

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the PERSON entered a plea in response to the citation or charge and, if so, the plea entered;

(d) the name and ADDRESS of the court or administrative agency, names of the parties, and case number.

## 15.0  Special or Affirmative Defenses

[X] 15.1 Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts;

(c) identify all DOCUMENTS and other tangible things which support your denial or special or affirmative defense, and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

## 16.0  Defendant's Contentions — Personal Injury

*[See Instruction 2(c)]*

[ ] 16.1 Do you contend that any PERSON, other than you or plaintiff, contributed to the occurrence of the INCIDENT or the injuries or damages claimed by plaintiff? If so, for each PERSON:

(a) state the name, ADDRESS, and telephone number of the PERSON;

(b) state all facts upon which you base your contention;

(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts;

(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

[ ] 16.2 Do you contend that plaintiff was not injured in the INCIDENT? If so:

(a) state all facts upon which you base your contention;

(b) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts;

(c) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

[ ] 16.3 Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the INCIDENT? If so, for each injury:

(a) identify it;

(b) state all facts upon which you base your contention;

(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts;

(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

[ ] 16.4 Do you contend that any of the services furnished by any HEALTH CARE PROVIDER claimed by plaintiff in discovery proceedings thus far in this case were not due to the INCIDENT? If so:

(a) identify each service;

(b) state all facts upon which you base your contention;

(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts;

(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

[ ] 16.5 Do you contend that any of the costs of services furnished by any HEALTH CARE PROVIDER claimed as damages by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost;

EX 3
P - 19

(b) state all facts upon which you base your contention;

(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts;

(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.6 Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the INCIDENT? If so:

(a) identify each part of the loss;

(b) state all facts upon which you base your contention;

(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts;

(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.7 Do you contend that any of the property damage claimed by plaintiff in discovery proceedings thus far in this case was not caused by the INCIDENT? If so:

(a) identify each item of property damage;

(b) state all facts upon which you base your contention;

(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts;

(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.8 Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost item;

(b) state all facts upon which you base your contention;

(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts;

(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.9 Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the INCIDENT by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each DOCUMENT;

(b) the date each claim arose;

(c) the nature of each claim;

(d) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

☐ 16.10 Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a HEALTH CARE PROVIDER not previously identified (except for expert witnesses covered by Code of Civil Procedure, § 2034)? If so, for each plaintiff state:

(a) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER;

(b) a description of each DOCUMENT;

(c) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**17.0 Responses to Request for Admissions**

☒ 17.1 Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;

(b) state all facts upon which you base your response;

(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts;

(d) identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

**20.0 How the Incident Occurred — Motor Vehicle**

☐ 20.1 State the date, time, and place of the INCIDENT (closest street ADDRESS or intersection).

☐ 20.2 For each vehicle involved in the INCIDENT, state:

(a) the year, make, model, and license number;

(b) the name, ADDRESS, and telephone number of the driver;

(c) the name, ADDRESS, and telephone number of each occupant other than the driver;

(d) the name, ADDRESS, and telephone number of each registered owner;

(e) the name, ADDRESS, and telephone number of each lessee;

(f) the name, ADDRESS, and telephone number of each owner other than the registered owner or lien holder;

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the ADDRESS and location where your trip began, and the ADDRESS and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the INCIDENT, and state the location of each stop, other than routine traffic stops, during the trip leading up to the INCIDENT.

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the INCIDENT for the 500 feet of travel before the INCIDENT.

EX 3
P -20

*Judicial Council Forms for HotDocs* ™

☐ 20.6 Did the INCIDENT occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the INCIDENT? If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color;
(d) whether the color changed between the time you first saw it and the INCIDENT.

☐ 20.8 State how the INCIDENT occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the INCIDENT;
(b) at the time of the INCIDENT;
(c) just after the INCIDENT.

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the INCIDENT? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, ADDRESS, and telephone number of each PERSON who is a witness to or has information about each malfunction or defect;
(d) state the name, ADDRESS, and telephone number of each PERSON who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the INCIDENT? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, ADDRESS, and telephone number of each PERSON who is a witness to or has information about each malfunction or defect;
(d) state the name, ADDRESS, and telephone number of each PERSON who has custody of each defective part.

☐ 20.11 State the name, ADDRESS, and telephone number of each owner and each PERSON who has had possession since the INCIDENT of each vehicle involved in the INCIDENT.

DATE: November 29, 1997

---

50.0 Contract

☐ 50.1 For each agreement alleged in the pleadings:
(a) identify all DOCUMENTS that are part of the agreement and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;
(b) state each part of the agreement not in writing, the name, ADDRESS, and telephone number of each PERSON agreeing to that provision, and the date that part of the agreement was made;
(c) identify all DOCUMENTS that evidence each part of the agreement not in writing and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;
(d) identify all DOCUMENTS that are part of each modification to the agreement, and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT;
(e) state each modification not in writing, the date, and the name, ADDRESS, and telephone number of each PERSON agreeing to the modification, and the date the modification was made;
(f) identify all DOCUMENTS that evidence each modification of the agreement not in writing and for each state the name, ADDRESS, and telephone number of each PERSON who has the DOCUMENT.

☐ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☐ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☐ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated and state why it was terminated including dates.

☐ 50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

☐ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

_Scott Cummings MCkee_

---

FI-120 [Rev. July 1, 1987]                    (End)                    Page 8 of 8

EX 3
PG 21

_Judicial Council Forms for HotDocs_ ™

SCOTT CUMMINGS McKEE
Attorney at Law
State Bar No. 154077
Comerica Bank Building
600 B Street, Suite 2150
San Diego, CA 92101-4508
(619) 231-6686

Attorney for Plaintiff TERRY BUTLER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO, SAN DIEGO JUDICIAL DISTRICT

| | |
|---|---|
| TERRY BUTLER,<br><br>        Plaintiff,<br><br>vs.<br><br>STEPHEN H. BENEDICT TECHNOLOGIES,<br>INC., d.b.a. MICRO STAR SOFTWARE CO.,<br>and DOES 1 through 50, Inclusive,<br><br>        Defendants.<br>_____ | CASE NO. 715662<br><br>PLAINTIFF'S DEMAND FOR<br>INSPECTION OF DOCUMENTS,<br>SET ONE |

PROPOUNDING PARTY:    PLAINTIFF

RESPONDING PARTY:    DEFENDANT

SET NO.:    ONE

Pursuant to Section 2031 of the California Code of Civil Procedure Plaintiff demands that Defendant produce for inspection and copying the items detailed below. You may fully comply with this demand by mailing verified copies of all of the following specified items which are in your possession, custody, or control within 35 days from today's date to the Law Offices of Scott Cummings McKee, Comerica Bank Building, 600 B Street, Suite 2150, San Diego, CA 92101-4508. If you do not comply by mailing the items by the appropriate date, then your production of the demanded original items for inspection and copying is to take place at 10 a.m. on the 35th day after

EX 4
P 22

today's date, or as soon thereafter as possible, at the Law Offices of Scott Cummings McKee, located at Comerica Bank Building, 600 B Street, Suite 2150, San Diego, CA 92101-4508. A written response is required by you within 25 days after service by mail of this demand, consisting of either a statement that you lack the ability to comply with this demand, or an objection to all or part of this demand.

Please note that full compliance with this demand will require production of actual photographs or negatives. Prints will be made at Plaintiff's own expense and all photographs and negatives will be returned immediately thereafter.

For each of the following described categories of items, you are requested to produce both the original and any and all copies thereof which are in your possession, custody, or control. It is requested that all items be produced in the form in which they are found in their normal filing place, including the file folder or other bindings in which they are regularly maintained. As to any item that is requested for which a privilege or other protection from disclosure is asserted, specify the specific ground for each such privilege or protection claimed and identify the item with particularity, including its date, author, recipients thereof, and number of pages.

## DEFINITIONS

1. The name "You" or "Your" refers to and includes individually and collectively Defendant STEPHEN H. BENEDICT TECHNOLOGIES, INC., d.b.a. MICRO STAR SOFTWARE CO. and all operating divisions thereof, including all predecessors and affiliates of said Defendant, all agents, employees, partners, officers, directors, and all persons acting or purporting to act on behalf of said Defendant, its predecessors, and affiliates.

2. The terms "document" and/or "documentation" include all written graphic or ot

2. The terms "document" and/or "documentation" include all written graphic or otherwise recorded matter however produced or reproduced, including the originals (or any copies when originals are unavailable) and nonidentical copies (where different from the original because notes were made on such copies or because said copies may have been sent to different individuals than the originals, or for any other reason) and preliminary or final drafts or writings, records, and

-2-

EK 4
P 23

| | FOR COURT USE ONLY |
|---|---|
| SAN DIEGO SUPERIOR COURT<br>220 West Broadway<br>San Diego, CA 92101 | |
| TITLE OF CASE (Abbreviated):<br><br>BUTLER v. STEPHEN H. BENEDICT TECHNOLOGIES,<br>INC., d.b.a. MICRO STAR SOFTWARE | |

| Attorney Name and Address:<br>SCOTT CUMMINGS McKEE<br>Attorney at Law<br>Comerica Bank Building<br>600 B Street, Suite 2150<br>San Diego, CA 92101 | Telephone Number:<br>(619) 231-6686 |
|---|---|
| Attorney for:<br>Plaintiff | Case Number: 715662 |

## DECLARATION OF SERVICE

I, Scott Cummings McKee, declare that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the action. I am employed in the County of San Diego, California, the county within which the mailing herein occurred. My business address is 600 B Street, Suite 2150, San Diego, CA 92101. On the date below I served the following documents:

1. FORM INTERROGATORIES;
2. DEMAND FOR INSPECTION OF DOCUMENTS;
3. PROOF OF SERVICE

by placing one copy of each in an envelope and addressing each envelope as follows:

Douglas E. Geyman
Attorney at Law
750 B Street, Suite 2890
San Diego, CA 92101

I then sealed each envelope and, with proper postage thereon fully prepaid, deposited them in the United States mail at San Diego, California, on November 29, 1997. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: November 29, 1997

Scott Cummings McKee

EX 4
P 26

recordings of every kind and description, whether inscribed by hand or by mechanical, electronic, microfilm, photographic, or other means, as well as phonic (such as tape recordings) or visual reproductions of all statements, conversations, or events and including, without limitation, correspondence, teletype and facsimile messages, notes, reports, compilations, schedules, studies, tabulations, tallies, maps, charts, diagrams, drawings, plans, pictures, computer runs, advertising and promotional material, press releases, minutes and records of any memoranda of all press releases, minutes and records of any memoranda of all type of inter-office and intra-office communications, notes of conversations, vouchers, financial calculations and statements, working papers, statistical analyses, invoices, purchase orders, expense account records, stenographer's notebooks, desk calendars, appointment books, diaries, manuals, pamphlets, brochures, escrow instructions, contracts, deeds, agreements, title reports, listings, authorizations, and any abstracts, summaries and analysis of the above, and all other recorded matter of every nature and kind.

3. The term "writing" is a broadly inclusive term referring to any and all written or other graphic matter, however produced or reproduced, of every kind and description and to anything upon which sounds or pictures are recorded or depicted by magnetic or electrical impulse, photography or otherwise. Such term refers to originals, copies where originals are unavailable, copies of originals which differ in any manner from the originals, and all drafts prepared in connection with such matter, including but not limited to, the following: inventories, lists, transcripts, abstracts, tape recordings, sound reproduction summaries, files, pleadings, deposition transcripts, answers to interrogatories, file jackets, file covers, records, books, papers, correspondence, notes, letters, agreements, statements, photographs, motion pictures, objects, microfilm, telegrams, telexes, facsimilies, minutes of directors or committee meetings, memoranda, interoffice communications, report studies, stenographic notebooks, calendars, appointment books, diaries, time sheets, logs, computer programs or printouts, data processing cards or tapes, or papers similar to any of the foregoing, however denominated by the responding party.

4. Please note that you are requested to produce all original items and all duplicate items which differ in any way from the original in the categories listed below.

-3-

EX 4
P 24

## REQUESTED ITEMS

1. The entire personnel file for Plaintiff.

2. All writings reflecting any statements made by any persons who may have witnessed the incident alleged in the complaint occurring on or about March 7, 1997.

3. All copies of any insurance policies providing coverage for the nature and extent of similar incidents and damages as alleged by Plaintiff in the complaint.

Dated: November 29, 1997

Scott Cummings McKee, Esq.
Attorney for Plaintiff

-4-

EX 4
P 25

JS44
(Rev. 07/89)

CIVIL COVER SHEET

'97 CV 2274 K (RBB)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| TERRY BUTLER | STEPHEN BENEDICT, D.B.A. MICROSTAR |

FILED

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)  San Diego | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)  San Diego  NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

DEC 18 1997

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  In Forma PAUPERIS | ATTORNEYS (IF KNOWN)  Douglas E. Geyman 750 B Street, Suite 2890 San Diego, California 92101 |

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX
(For Diversity Cases Only)    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

28:1441 LMU

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 635 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☐ 1 Original Proceeding    ☒ 2 Removal from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See Instructions):    JUDGE ____    Docket Number ____

| DATE  12/18/97  #350/9  #150 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|